Filed 4/16/26  P. v. Revazyan CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARMEN REVAZYAN,<br><br>    Defendant and Appellant. | B345637<br><br>(Los Angeles County<br>Super. Ct. No. 24CJCF05041) |

APPEAL from a judgment of the Superior Court of Los Angeles County, David R. Fields, Judge.  Affirmed.

William Hovsepyan, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

—————————————

A jury found Armen Revazyan guilty of fleeing a pursuing peace officer's motor vehicle. The trial court imposed a sentence of three years in state prison. Revazyan appealed. His appellate counsel has asked us to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We have done so and affirm the trial court judgment.

On the night of August 9, 2024, Los Angeles Police Department (LAPD) Officer Anthony Soriano and his partner were conducting crime suppression in Hollywood. They were in uniform, driving around in a marked patrol car. Soriano saw a black Chevrolet SUV ahead of the patrol car that failed to signal at a stop light. As Soriano watched, the SUV crossed over a solid yellow double line and drove on the wrong side of the street. Soriano and his partner followed in the patrol car. The SUV made an unsafe left turn, failing to give the right of way to oncoming vehicles. Soriano suspected the driver was intoxicated. He and his partner tried to initiate a traffic stop by turning on the patrol car's siren and red and blue lights.

The SUV did not stop. Instead, it ran a stop sign and struck a curb, started speeding, and ran four red lights. After the second red light, Soriano called the police department communications division to advise that he and his partner were pursuing a "DUI driver." The SUV continued to speed, ran multiple red lights, ran a stop sign, and drove on the wrong side of the street. An LAPD helicopter arrived overhead to track the car and the driver. After additional erratic driving, the SUV stopped. The driver got out of the car and ran away.[1]

An LAPD officer in the helicopter tracked the driver's movements and communicated his position to officers on the

---

[1]     A passenger in the SUV also got out of the car.

ground. LAPD Officer Patrick Topacio responded and was guided by the officer in the helicopter to the driver's location. Topacio arrested the driver, later identified as Revazyan. Revazyan told Soriano that the SUV belonged to his mother. Dashcam footage of the pursuit was played for the jury at trial.

The jury found Revazyan guilty of one count of fleeing a pursuing peace officer's motor vehicle in violation of Vehicle Code section 2800.2 Revazyan waived his right to a jury trial "as to the People proving up [his] prior felony convictions as alleged in the information against [him]." Following a bench trial, the court found true the allegation that Revazyan suffered three prior felonies within the meaning of Penal Code section 1203, subdivision (e)(4), and further found true the aggravating circumstance that he served a prior prison term within the meaning of California Rules of Court, rule 4.421(b)(3). The court imposed an upper term sentence of three years, noting the instant matter was Revazyan's fourth conviction for violating Vehicle Code section 2800.2.

Revazyan timely appealed. Court-appointed appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record pursuant to *Wende*, *supra*, 25 Cal.3d 436. We directed appellate counsel to send Revazyan the record and a copy of the opening brief. We also advised that within 30 days of the date of the notice, Revazyan could submit a supplemental brief or letter stating any ground for an appeal, contentions, or arguments he wished this court to consider. Appellate counsel submitted a declaration stating that counsel had informed Revazyan of his right to file a supplemental brief and had sent him the appellate record. Revazyan did not file a supplemental brief.

We have independently examined the record on appeal and are satisfied that no arguable issues exist, and Revazyan's attorney has complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 125–126; *Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

EGERTON, J.